IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00991-LTB-KMT

JOHN JUSTIN DAHMER,

    Plaintiff,

v.

LARRY REID,
MITCH HIATT,
RICHARD CORDOVA,
MARKWILLIAMS,
J. FINNEGAN,
WILLIAM RICHTER,
WILLIAM BEARD,
DICK ROBERTS, and
DENNIS BUBANK,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Kathleen M. Tafoya**
**United States Magistrate Judge**

    This case comes before the court on a review of the file. On June 13, 2007, the plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. [Doc. No. 5]. Plaintiff has not submitted a certified account statement since October 30, 2007 [Doc. No. 27]. What was documented as a statement on December 5, 2007, is a letter from the plaintiff stating he has no money [Doc. No. 28]. On March 24, 2008, this court issued an order directing the plaintiff to, on or before March 31, 2008, make the required monthly payments or show cause why he has no assets and no means by which to make the monthly payments for the months of

November 2007, December 2007, January 2008, February 2008, and March 2008. [Doc. No. 44.] Plaintiff failed to make either the monthly payments or to respond to the show cause order. In addition, Plaintiff has failed to make monthly payments or to submit a certified account statement for the months of April 2008, May 2008 or June 2008. The March 24, 2008 order warned Plaintiff that if he failed to comply with this order, the complaint and this civil action may be dismissed without further notice.

Plaintiff has failed within the time allowed to pay any of the required monthly payments, to show cause why he is unable to do so, or otherwise to communicate with the court in any way. Accordingly, it is

**RECOMMENDED** that the Prisoner Complaint and the action be dismissed without prejudice for Plaintiff's failure to comply with the court's order.

### ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make

timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 25th day of June, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge